KRASELNIK & LEE, PLLC
Robert L. Kraselnik (RK 0684)
30 East 39th Street, Second Floor
New York, New York 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

JUAN SU and
GUI YING YIN,
on behalf of themselves and
others similarly situated,

        Plaintiffs,

    v.

GUANG YANG LI,
LINNA WU and
WELLNESS AND REFLEXOLOGY CENTER LLC

        Defendants.

---

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiffs, JUAN SU and GUI YING YIN, (hereinafter, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorney, hereby file this Complaint against Defendants, GUANG YANG LI, LINNA WU and WELLNESS AND REFLEXOLOGY CENTER LLC (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

10840508.2

1

## INTRODUCTION

1.    Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4)attorneys' fees and costs.

2.    Plaintiffs further allege that, pursuant to the New Jersey State Wage and Hour Law, they are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.    Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391.

## PARTIES

5.    Plaintiff, JUAN SU, is a resident of Queens County, New York.

6.    Plaintiff, GUI YING YIN, is a resident of Queens County, New York.

7.    Upon information and belief, Defendant, WELLNESS AND REFLEXOLOGY CENTER LLC, is a domestic business corporation organized under the laws of New Jersey, with a principal place of business, and an address for service of process, located at 3710 Route 9, Freehold, New Jersey 07728.

8.    Upon information and belief, Defendant, GUANG YANG LI, is the Chairman or Chief Executive Officer of Defendant, WELLNESS AND REFLEXOLOGY CENTER LLC.

9.    Upon information and belief, Defendant, LINNA WU, is a shareholder and Manager of Defendant, WELLNESS AND REFLEXOLOGY CENTER LLC.

10840508.2

10. Each of Defendant, LI, and Defendant, WU, had the authority to (i) hire and fire employees of Defendant, VOLATOUR, Inc., (ii) determine compensation and work schedule for such employees and (iii) otherwise affect the quality and terms of employment of such employees.

11. At all relevant times, Defendant, WELLNESS AND REFLEXOLOGY CENTER LLC, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiffs were directly essential to the business operated by Defendants.

13. At all relevant times, Defendants knowingly and willfully failed to pay Defendants their lawfully earned overtime wages in direct contravention of the FLSA and the New Jersey State Wage and Hour Law.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and the New Jersey State Wage and Hour Law.

15. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

16. On or about September 2008, Plaintiff, JUAN SU, was hired by Defendants and/or their predecessors, as applicable, to work as a masseuse for Defendant's "WELLNESS AND REFLEXOLOGY" spa located at 3710 Route 9, Freehold, New Jersey 07728.

17. JUAN SU worked at "WELLNESS AND REFLEXOLOGY" until on or about March 13, 2010.

10840508.2

18. During the employment of Plaintiff, JUAN SU, by Defendants, she worked over forty (40) hours per week.

19. During JUAN SU's employment by Defendants, she often worked over ten (10) hours per day.

20. On or about March 1, 2009, Plaintiff, GUI YING YIN, was hired by Defendants and/or their predecessors, as applicable, to work as a masseuse for Defendants' "WELLNESS AND REFLEXOLOGY" spa located at 3710 Route 9, Freehold, New Jersey 07728.

21. GUI YING YIN worked at "WELLNESS AND REFLEXOLOGY" until on or about April 7, 2010.

22. During the employment of Plaintiff, GUI YING YIN, by Defendants, she worked over forty (40) hours per week.

23. During GUI YING YIN's employment by Defendants, she often worked over ten (10) hours per day.

24. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New Jersey State Wage and Hour Law overtime rate (of time and one-half) to the Plaintiffs and other similarly situated employees.

25. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New Jersey State Wage and Hour Law minimum wage to the Plaintiffs.

26. Plaintiffs retained Kraselnik & Lee, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

10840508.2

4

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Plaintiffs reallege and reaver Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. At all relevant times, upon information and belief, Defendants were and continue to employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

29. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

30. Upon information and belief, at all relevant times, Defendant, WELLNESS AND REFLEXOLOGY CENTER LLC, had gross revenues in excess of $500,000.

31. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for their hours worked in excess of forty hours per workweek.

32. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

33. Plaintiffs worked hours for which they were not paid the statutory minimum wage.

34. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for their hours worked.

35. Defendants failed to pay Plaintiffs minimum wages in the lawful amount for their hours worked.

10840508.2

5

36. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

37. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

38. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs the minimum wages for hours worked when Defendants knew or should have known such was due.

39. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

40. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

41. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages and unpaid minimum wages, plus an equal amount as liquidated damages.

42. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW JERSEY STATE WAGE AND HOUR LAW

10840508.2

43. Plaintiffs reallege and reaver Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New Jersey State Wage and Hour Law.

45. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

46. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

47. Due to the Defendants' New Jersey State Wage and Hour Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid pay "spread of hours" premium, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all similarly situated employees, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New Jersey State Wage and Hour Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as

10840508.2

provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid overtime compensation due under the FLSA and the New Jersey State Wage and Hour Law;

d.  An award of unpaid minimum wages due under the FLSA and the New Jersey State Wage and Hour Law;

e.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages pursuant to the New Jersey State Wage and Hour Law;

g.  An award of prejudgment and postjudgment interest;

h.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.  Such other and further relief as this Court deems just and proper.


## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

10840508.2

Dated: October 12, 2010

Respectfully submitted,

KRASELNIK & LEE, PLLC
Robert L. Kraselnik (RK 0684)
30 East 39th Street, Second Floor
New York, New York 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs*

By: _____
ROBERT L. KRASELNIK (RK 0684)

10840508.2