**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JUAN SU, et al., : | |
| Plaintiffs, : | CIVIL ACTION NO. 10-5268 (MLC) |
| : | **MEMORANDUM OPINION** |
| v. : | |
| GUANG YANG LI, et al., : | |
| Defendants. : | |

**COOPER, District Judge**

The plaintiffs, Juan Su and Gui Ying Yin (collectively, "the plaintiffs"), commenced this action against the defendants, Guang Yang Li, Linna Wu, and Wellness and Reflexology Center LLC ("Wellness") (collectively, "the defendants"), alleging that they are entitled to recover unpaid minimum wages, overtime, liquidated damages, and attorneys' fees pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56 et seq. (Dkt. entry no. 1, Compl.)  The defendants now move to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).  (Dkt. entry no. 8, Mot. to Dismiss.)

The plaintiffs have not submitted a response to the defendants' motion to dismiss. Even if a motion to dismiss is unopposed, however, we must still address the motion on its merits. <u>See Jones v. Unemployment Comp. Bd. of Review</u>, 381 Fed.Appx. 187, 189 (3d Cir. 2010); <u>Stackhouse v. Mazurkiewicz</u>, 951 F.2d 29, 30 (3d Cir. 1991). The Court decides the motion on the papers without an oral hearing, pursuant to Rule 78(b). For the foregoing reasons, the Court will deny the motion.

**BACKGROUND**

The plaintiffs allege that they both worked as masseuses at Wellness. (Compl. at ¶¶ 16, 20.) Plaintiff Su claims to have worked at Wellness from September 2008 through March 13, 2010, and plaintiff Yin claims to have worked at Wellness from March 1, 2009, through April 7, 2010. (<u>Id.</u> at ¶¶ 16-17, 20-21.) The plaintiffs state that defendant Li is the "Chairman or Chief Executive Officer" of Wellness, and defendant Wu is a "shareholder and [m]anager" of Wellness. (<u>Id.</u> at ¶¶ 8-9.) The plaintiffs contend that defendants Li and Wu had the power to hire and fire employees and determine employee compensation and work schedules, and as such are "employers" under the FLSA. (<u>Id.</u> at ¶ 10.) The plaintiffs both claim to have worked over forty hours per week, and over ten hours per day, and that the defendants "knowingly and willingly" failed to pay both minimum

wage and overtime pay pursuant to the FLSA and NJWHL.  (Id. at ¶¶ 18-19, 22-25.)  The plaintiffs further allege that the defendants failed to inform the plaintiffs of their rights under the FLSA and NJWHL.  (Id. at ¶ 39.)  The plaintiffs seek a judgment declaring that the defendants' practices are unlawful under the FLSA and NJWHL, as well as an award of unpaid minimum wages, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.  (Id. at ¶¶ 1-2.)

**DISCUSSION**

I. **Applicable Legal Standards**

   A. **Fair Labor Standards Act**

The FLSA provides, in those industries within its scope, minimum labor standards by regulating, inter alia, wages, hours, and overtime compensation.  It provides two types of coverage to employees:  (1) individual coverage and (2) enterprise coverage.  Genarie v. PRD Mgmt., No. 04-2082, 2006 WL 436733, at *5 (D.N.J. Feb. 17, 2006).  Employees are covered under the individual coverage provision if they are "engaged in commerce or in the production of goods in commerce."  Id.  Commerce is defined as "trade, commerce, transportation, transmission, or communication among the several States or between the State and any place outside thereof."  29 U.S.C. § 203(b).

Employees fall within the enterprise coverage provision if they are "employed in an enterprise engaged in commerce or the production of goods for commerce." Genarie, 2006 WL 436733, at *5. An enterprise under the FLSA must have "employees engaged in commerce or in the production of goods for commerce, or [have] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . [must have an] annual volume of sales made or business [that] is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)-(ii). To constitute an enterprise, "the business must (1) be engaged in related activities, (2) under unified operation or common control, and (3) have a common business purpose." Genarie, 2006 WL 436733, at *5. If the plaintiff demonstrates that the employer is an enterprise engaged in commerce, all of that enterprise's employees will be covered by the FLSA. Id.

### B. Rule 12(b)(1) Standard

A defendant may move to dismiss a claim for lack of subject matter jurisdiction. See Fed.R.Civ.P. 12(b)(1). Such motion may be made at any time. Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 437-38 (D.N.J. 1999). The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject

matter jurisdiction.  Id. at 438.  Under this standard, a court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction.  Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983); Iwanowa, 67 F.Supp.2d at 438.

    A defendant can also attack subject matter jurisdiction by factually challenging the jurisdictional allegations set forth in the complaint.  Iwanowa, 67 F.Supp.2d at 438.  Under this standard, "no presumptive truthfulness attaches to plaintiff's allegations and the existence of disputed material facts will not preclude the Court from evaluating for itself the merits of jurisdictional claims."  Pashun v. Modero, No. 92-3620, 1993 WL 185323, at *2 (D.N.J. May 26, 1993).  The Court may consider affidavits, depositions, and testimony to resolve factual issues and is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  Iwanowa, 67 F.Supp.2d at 438.  The defendant may factually attack subject matter jurisdiction at any stage in the litigation, including before the answer has been filed.  Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990); see Pashun, No. 92-3620, 1993 WL 185323, at *2.

### C. Rule 12(b)(6) Standard

In addressing a motion to dismiss a complaint under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). At this stage, a "complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the 'pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court may consider only the Complaint, exhibits attached thereto, matters of public record, and undisputedly authentic documents if the claimant's claims are based upon those documents. See Pension Benefit Guar.

Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

**II.   Legal Standards Applied Here**

   **A.   Rule 12(b)(1) Motion**

The defendants move to dismiss the Complaint for lack of subject matter jurisdiction, arguing that the Complaint fails to present a federal question pursuant to 28 U.S.C. § 1331 ("Section 1331").  (Dkt. entry no. 8, Def. Br. at 3.)  The defendants further assert that the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332 ("Section 1332").  (Id.)

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The FLSA is a federal law.  See De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 305 (3d Cir. 2003); Lyon v. Whisman, 45 F.3d 758, 759 (3d Cir. 1995).  The Complaint, contrary to the defendants' contention, raises a federal question pursuant to a law of the United States, and the Court may exercise subject matter jurisdiction under Section 1331.  See Kozlowski v. City of Dunkirk, 319 F.Supp.2d 342, 343 (W.D.N.Y. 2004) (stating that "[t]here is no question that the district court has original jurisdiction over FLSA claims").  Thus, the Court will not address the defendants' arguments

concerning jurisdiction pursuant to Section 1332; indeed, the plaintiffs do not allege jurisdiction pursuant to Section 1332.

The Court has supplemental jurisdiction over the plaintiffs' NJWHL claim.  "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy. . . ."  28 U.S.C. § 1367(a).

The FLSA is a "rather narrow and specialized federal statute," and courts "should be circumspect when determining the scope of [their] supplemental jurisdiction" in FLSA cases.  Lyon, 45 F.3d at 764.  When the FLSA is the sole basis of federal jurisdiction, however, a court properly exercises supplemental jurisdiction if the federal and state claims "are merely alternative theories of recovery based on the same acts."  Id. at 761.  The plaintiffs' FLSA and NJWHL claims both derive from the defendants' alleged failure to pay minimum wages and overtime.  (Compl. at ¶¶ 13-14.)  The state law claim is grounded in the same events as the federal claim, and is solely an alternative theory of recovery.  (Id.)  The Court therefore will exercise supplemental jurisdiction over the plaintiffs' NJWHL claim, finding no basis to decline to exercise such jurisdiction.  28 U.S.C. § 1367(a),(c).  Accordingly, the Court will deny the

defendants' motion to dismiss for lack of subject matter jurisdiction.

>    B.   **Rule 12(b)(6) Motion**

The defendants also move to dismiss the plaintiffs' claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  The defendants contend that plaintiff Su fails to state a claim because "plaintiff Su has no standing to sue . . . since she was never an employee for defendant Wellness."  (Def. Br. at 3.)  The defendants further allege that the plaintiffs are entitled to no legal relief from defendants Li and Wu because defendants Li and Wu are "just employees managing the business" and are therefore "separate legal entities" from defendant Wellness.  (Id.)  The defendants argue that they paid all wages owed to plaintiff Yin, because, according to the defendants, plaintiff Yin was aware that tips constitute part of her compensation.  (Id.)  The defendants finally contend that the Complaint "fails to state who did what to whom, when, where, and why," and thus fails to meet the pleading standard necessary to survive a Rule 12(b)(6) motion to dismiss.  (Id. at 5.)  The defendants' arguments lack merit and the Court will accordingly deny the defendants' motion to dismiss for failure to state a claim upon which relief can be granted.

The defendants claim to have no record or knowledge of plaintiff Su.  (Id. at 2.)  They argue that plaintiff Su was "never an employee" of Wellness and that there is no factual basis to support her claim for relief.  (Id. at 5.)  Arguments that merely attack the factual accuracy of the plaintiff's allegations, however, are "improper arguments to support a motion to dismiss under Rule 12(b)(6)."  Acevedo v. Monsignor Donovan High Sch., 420 F.Supp.2d 337, 342 (D.N.J. 2006); see Forsatz v. The Contributorship Cos., No. 05-2577, 2005 WL 2704895, at *1 (D.N.J. Oct. 20, 2005) (deeming such factual arguments "wholly improper").  On a Rule 12(b)(6) motion to dismiss, "[w]e must accept as true all factual allegations in the complaint," and a defendant may not contest these factual allegations for purposes of the motion.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).  Plaintiff Su alleges that she worked as a masseuse at Wellness from September 2008 through March 2010.  (Compl. at ¶¶ 16-17.)  The defendants' argument to the contrary merely refutes the factual accuracy of plaintiff Su's claims.  (Def. Br. at 2-3.)  The defendants must, for purposes of a Rule 12(b)(6) motion to dismiss, accept all of plaintiff Su's factual allegations as true and demonstrate that the pleaded facts fail to state a plausible claim for relief.  The defendants' argument that they have no

10

record or knowledge of plaintiff Su is therefore procedurally improper and fails to support their motion to dismiss.

The defendants next claim that the plaintiffs cannot recover from defendants Li and Wu because defendants Li and Wu are "just employees managing the business." (Id. at 3.) The defendants argue that defendants Li and Wu are "separate legal entities" from Wellness, having "no legal privity or relationship" with the plaintiffs, and are thus exempt from liability under both the FLSA and NJWHL. (Id.)

An "employer," within the definition of the FLSA, "includes any person acting directly or indirectly in the interests of an employer in relation to an employee. . . ." 29 U.S.C § 203. Courts employ a broad interpretation of "employer" within the context of the FLSA as to "effectuate the FLSA's liberal, remedial purposes." Maldonado v. Lucca, 629 F.Supp 483, 487 (D.N.J. 1986). "The fact that . . . individual defendants were employees of the corporate 'employer' does not insulate them from potential liability" under the FLSA. Sandom v. Travelers Mortg. Servs., Inc., 752 F.Supp 1240, 1251 n.9 (D.N.J. 1990); see Kilvitis v. Cnty. of Luzerne, 52 F.Supp.2d 403, 414 (E.D. Pa. 1999) (noting that "the case law plainly allows for individual liability" under the FLSA).

11

The Court, to determine whether an individual is an employer under the FLSA, must look to the "economic reality presented by the facts," including "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999); see also Zavala v. Wal-Mart Stores, Inc., 393 F.Supp.2d 295, 329 (D.N.J. 2005).  The NJWHL definition of "employer," like the FLSA, allows for individual liability and is to be given a liberal construction.  N.J.S.A. § 34:11-56a1(g) ("'Employer' includes any individual . . . acting directly or indirectly in the interest of an employer in relation to an employee."); see N.J Dep't of Labor v. Pepsi-Cola Co., 784 A.2d 64, 66 (N.J. 2001).

   The Court need not engage at this juncture in a detailed factual analysis to determine whether defendants Li and Wu are indeed employers within the FLSA and NJWHL definitions.  The only relevant inquiry is whether, taking all pleaded facts as true, it is plausible that defendants Li and Wu are employers within the FLSA and NJWHL definitions.  The plaintiffs allege that defendants Li and Wu both had the authority to hire and fire employees, determine compensation and work schedules, and

"otherwise affect the quality and terms of employment" of Wellness's employees.  (Compl. at ¶ 10.)  We find that the Complaint pleads sufficient facts such that it is plausible that both defendants Li and Wu are "employers" within the FLSA and NJWHL.  Moreover, defendants offer no support for their contention that individuals within a business cannot be "employers" under the FLSA or NJWHL.  (Def. Br. at 3.)

The defendants argue that they paid all rightfully earned wages to plaintiff Yin, and that plaintiff Yin was "aware that the tips she receives from [customers] constitute . . . part of her compensation."  (Dkt. entry no. 8, Wu Aff., at ¶ 2.)[1]  The FLSA "allows an employer to reduce a tipped employee's wages below the statutory minimum by an amount to be made up in tips, but only if the employer informs the tipped employee that her wage is being decreased under section 3(m)'s tip-credit provision."  Reich v. Chez Robert, Inc., 28 F.3d 401, 403 (3d Cir. 1994) (citing 29 U.S.C. § 203(m)); see Martin v. Tango's

---

[1] Affidavits such as those offered in support of the defendants' motion to dismiss are inappropriate at such a procedural posture. See Frederick Hart & Co. v. Recordgraph Corp., 169 F.2d 580, 581 (3d Cir. 1948) ("An affidavit cannot be treated, for purposes of the motion to dismiss, as proof contradictory to well-pleaded facts in the complaint."). Cf. Fed.R.Civ.P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including . . . affidavits or declarations. . . .").

Rest., Inc., 969 F.2d 1319, 1322 (1st Cir. 1992) (requiring restaurant to compensate employees for the full minimum wage without any tip-credit after determining that restaurant failed to give notice of tip-credit provision to employees).  The plaintiffs allege that the "[d]efendants failed to properly disclose or apprise [p]laintiffs of their rights under the FLSA," whereas the defendants dispute the factual accuracy of this claim.  (Compl. at ¶ 39.)  It is plausible from the pleaded facts, taken as true and construed in the light most favorable to the plaintiffs, that the defendants failed to inform the plaintiffs that their wages may be decreased pursuant to the tip-credit provision.  The defendants' claims to the contrary are improper factual arguments that cannot support their Rule 12(b)(6) motion to dismiss.

   The defendants finally argue that the Complaint "fails to state who did what to whom, when, where and why."  (Def. Br. at 5.)  The plaintiffs must, pursuant to Rule 8(a), provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P 8(a)(2).  To meet this standard, the plaintiffs' claim must be "plausible on its face" such that the Court may draw a "reasonable inference" that the defendants are liable.  Twombly, 550 U.S. at 556.  "[T]he requirements to state a claim of a FLSA violation are quite

14

straightforward," and merely require the plaintiff to show "a failure to pay overtime compensation and/or minimum wages to covered employees." Sec'y of Labor v. Labbe, 319 Fed.Appx. 761, 763 (11th Cir. 2008) (denying Rule 12(b)(6) motion to dismiss where plaintiff alleged the defendant's repeated failure to provide overtime compensation to covered employees, in violation of the FLSA).

The plaintiffs in this case allege that the defendants are "employers" within the FLSA definition. (Compl. at ¶ 10.) They note the relevant time periods and make specific accusations of the defendants' failure to pay both overtime and minimum wage pursuant to the FLSA and NJWHL. (Id. at ¶¶ 16-17, 20-21, 24-25.) The plaintiffs further note Wellness's enterprise coverage under the FLSA by claiming that Wellness has gross revenues in excess of $500,000, and is an "enterprise engaged in commerce." (Id. at ¶¶ 11, 30.) The Complaint is facially plausible, allows the Court to draw a reasonable inference of liability, and therefore is sufficient to satisfy the Rule 8(a) pleading standard. The Court will therefore deny the defendants' motion to dismiss for failure to state a claim upon which relief can be granted.[2]

---

[2] The defendants are not foreclosed from seeking relief under Rule 56.

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will deny the motion to dismiss.  The Court will issue an appropriate order.

                                              <u>    s/Mary L. Cooper        </u>
                                              **MARY L. COOPER**
                                              United States District Judge

Dated:   August 1, 2011